The Honorable Scott Hunter Prosecuting Attorney Second Judicial Circuit P.O. Box 926 Jonesboro, Arkansas 72401
Dear Mr. Hunter:
This is in response to your request for an opinion concerning the respective rights and duties of the city and the county quorum court with regard to setting the salary of the municipal court clerk.
Specifically, you have enclosed a letter from Deputy Prosecuting Attorney Steve Inboden stating that the city council of Trumann recently increased the salary of its municipal clerk substantially, and submitted the increase to the quorum court of Poinsett County at its annual budget meeting so that the county might appropriate the necessary funds to meet its share of the salary. The quorum court, according to our information, subsequently granted raises to three of the municipal court clerks in the county, including the Trumann clerk, although none of the other cities had requested raises for their clerks. The quorum court, however, did not grant a raise as high as the City of Trumann had authorized for its clerk.
Mr. Inboden states the issue as "whether the City has the right to set the salary at whatever it desires and to require the Quorum Court or Poinsett County to pay one-half (1/2) of that amount or whether the county is entitled to have any input in the decision making process as to what the clerk's salary will be".
It is my opinion that the county is entitled to have some input in the salary of the Trumann municipal clerk.
Several recent statutory amendments have been made in the area of funding of municipal courts. Arkansas Code Annotated § 16-17-115
(Supp. 1989) provides that "[e]xcept as authorized otherwise, the county wherein a municipal court is held shall pay one-half (1/2) of the salaries of the judge and the clerks of the municipal courts. . . ."
An older statute, A.C.A. § 16-17-211,[1] which has not been repealed by the new amendments, states in relevant part that:
 (b) The city council of the city in which the court is located shall fix the salary of the municipal court clerk at a reasonable sum, the salary to be computed on an annual basis and payable in equal monthly installments. However, where the county in which the court is located is to pay any portion of the clerk's salary, the salary must also be approved by the quorum court of that county.
One final statute is relevant with respect to raises of municipal clerk's salaries. A.C.A. 16-17-121 (Supp. 1989) provides in pertinent part that:
 (a) In the event the Arkansas General Assembly establishes a uniform procedure for civil practice in the municipal courts of Arkansas and therein establishes a "municipal court cost fund" to be used exclusively for the operation and expenses of the municipal court, any municipal court judges's, clerk's, or other employee's salary authorized by § 16-17-108 may be increased from the minimum salary upward to any amount not exceeding the maximum salary authorized in § 16-17-108 and may be paid from the fund as set forth hereafter.
 (b) The city council or the county quorum court, or both, if authorized, of the local governmental jurisdictions responsible for paying the salaries of the municipal court judge, clerks, and other employees may authorize salary increases for the various court personnel as authorized above after considering the following factors:
 (1) The amount and availability of funds in the municipal court cost fund;
(2) The volume of caseload;
 (3) The backlog of cases, if any, on the court docket;
(4) The time required in dealing with cases;
(5) The skill required in dealing with cases; and
 (6) The amount of time taken away from the judge's private practice, if applicable.
The General Assembly did establish a uniform procedure for civil practice in the municipal courts and has established a "municipal court cost fund". See A.C.A. § 16-17-701 et seq. The statute above is thus operative, but arguably does not apply to the Trumann municipal clerk's salary. The statute above, §16-17-121, states that any clerk's salary authorized by §16-17-108 may be increased as provided for in § 16-17-121. The salary of the Trumann municipal court clerk is not authorized by A.C.A. § 16-17-108 (Advance Code Service 1990-91). The salary range of the Trumann municipal court judge is set out in this statute, but not that of the clerk. See A.C.A. § 16-17-108
(rrrr).
We must thus conclude that the procedure for granting raises set out in § 16-17-121 is inapplicable to the Trumann municipal clerk, and that therefore the relevant provision is A.C.A. §16-17-211, the older provision, which states that in the event the county is to pay a portion of the clerk's salary, the salary must also be approved by the quorum court.
The salary of the Trumann municipal court clerk must therefore be set by the city council and also approved by the quorum court.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] This statute applies to cities with a population of 2,400 or more, and county seat towns with a population of less than 2,400.
[2] As to the raises given by the quorum court to other municipal court clerks in Poinsett County, several factors, including what statutory scheme is applicable, and whether the salary is set out in § 16-17-108, must be considered to determine the applicable law.